DANA B. POTTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Potter v. Commissioner
Docket No. 30963-81.
United States Tax Court
T.C. Memo 1985-2; 1985 Tax Ct. Memo LEXIS 628; 49 T.C.M. (CCH) 423; T.C.M. (RIA) 85002; January 2, 1985. *628 Held, P is liable for the addition to tax for fraud under section 6653(b), I.R.C. 1954. Dana B. Potter, pro se. Paul J. Dee, Jr. and Marvis A. Knospe, for the respondent. NIMS MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Addition to Tax
Year
Deficiency
Sec. 6653(b) [1]
1976
$12,413,96
$6,206.98
1977
15,469.41
7,734.71
1978
10,413.90
5,206.95
At the call of this case from the trial calendar in Boston, Massachusetts, on March 21, 1984, petitioner *629 appeared pro se and stated in open court that he did not wish to participate in the trial of this case. The burden of proof is upon petitioner as to the asserted income tax deficiencies for the years in question, and decision will accordingly be entered in favor of respondent as to such deficiencies. Rule 142(a). The burden of proof with respect to the issue of fraud with intent to evade tax under section 6653(b) is on respondent, and consequently this remains the only issue for decision herein. Section 7454(a); Rule 142(b). FINDINGS OF FACT Petitioner resided at Agawam, Massachusetts, at the time his petition was filed in this case. During the taxable years at issue, petitioner engaged in the illegal manufacture and sale of controlled substances. On December 1, 1978, petitioner pleaded guilty in United States District Court (District of Massachusetts) to charges of possession and distribution of phencyclidine (PCP), an hallucinogenic drug. Approximately one year earlier, petitioner had been fined $1,000 and placed on probation for a period of two years for possession of cocaine. The district court sentenced petitioner to two years in prison. On his 1976 Federal *630 income tax return, petitioner reported adjusted gross income of $10,430. That amount was comprised of the following three items: $3,500 of gambling income, $1,200 of proceeds received from the sale of a litter of dobermans and $5,730 of net profit from Taurus Auto Sales, a sole proprietorship. On his 1977 income tax return, petitioner reported adjusted gross income of $3,137--$1,300, of gambling income and $1,837 of net profit from Taurus Auto Sales. Petitioner reported no income on his 1978 income tax return. During an audit of petitioner's returns conducted by respondent, petitioner failed to produce any books and records with respect to his 1976 and 1977 income tax returns and only provided incomplete records for 1978. Respondent thus examined petitioner's bank records and contacted other third parties in order to ascertain petitioner's expenditures and sources of non-taxable income for the taxable years at issue. Respondent subsequently determined that petitioner had received the following amounts of unreported gross income: Year
Unreported Gross Income
1976
$30,664.52
1977
42,231.63
1978
76,471.29
OPINION Petitioner received substantial *631 amounts of unreported gross income during each of the taxable years at issue. Although petitioner concedes that he is liable for the deficiencies in tax attributable to the unreported income, we must nonetheless decide whether any part of his underpayment of tax was due to fraud under section 6653(b). Respondent bears the burden of proving by clear and convincing evidence that petitioner is liable for the addition to tax for fraud. Section 7454(a); Rule 142(b). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. by unpublished order 578 F.2d 1383 (8th Cir. 1978). Direct evidence of fraudulent intent is seldom available, and whether it exists must be determined from the conduct of the taxpayer and the surrounding circumstances. Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). After careful consideration of the entire record, we find that petitioner's underpayment of taxes during the taxable years at issue was due to fraud.We have previously held that "consistent understatements of income in substantial amounts over a number *632 of years by knowledgeable taxpayers, standing alone, are persuasive evidence of fraudulent intent to evade taxes." Otsuki v. Commissioner,53 T.C. 96, 108 (1969). In the instant case, petitioner reported as gross income the net profits from his sole proprietorship, the proceeds from the sale of a litter of dobermans and his gambling winnings, thereby demonstrating his knowledge of the requirement that he report all income received. Petitioner nonetheless failed to report gross income in the amounts of $30,664.52, $42,231.63 and $76,471.29 for 1976, 1977 and 1978, respectively. The amounts of unreported gross income are substantial not only standing alone but also in relation to the average adjusted gross income of $4,522 reported by petitioner during the taxable years at issue. Consequently, they are convincing evidence of fraud. Moreover, petitioner failed to keep books and records of his income for 1976 and 1977 while only maintaining incomplete records for 1978. Such failure to keep complete and accurate records is further evidence of fraud. Grosshandler v. Commissioner,supra at 20. Consequently, we conclude that petitioner *633 is liable for the addition to tax for fraud. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect for the years in question. All Rule references are to the Tax Court Rules of Practice and Procedure.↩